I'm here to face the court. My name is James Sunfeller. I'm representing Shelby Islands. I'm a member of the Marsh Disability Claimant. This is the second time this case has been before this court. In the previous time, the parents offered a disability claim. Judge Cole has offered an opinion. I'm sure you agree with this. We abandoned the use of social security for further considerations. The results of those deliberations, as I've talked about constantly, were not before the court. I just wanted to let the court know that this was all new to me. She was granted disability claims for that period. That was 11 years after she filed her application. One thing that ties into one thing I'd like to talk to you about this morning, which is that Judge Browning, in her opinion, did not resound. She noted that it's a privilege to be serving on a court where it's a process of improving the rules for a dispute resolution. I think here the court has an opportunity to improve the rules for a dispute resolution about substantial justification in each context in this very area. This is only about each year. That phrasing makes it sound like you're asking us to change something about our precedent, but I didn't take you to think we needed that in this case. No, I'm not asking for a change, just more guidance in improving the rule because the rule is well-adopted. The bird reason is well-adopted in the purpose of substantial justification. It should be held to statute. It spells out in more detail. And I think that, unfortunately, well-adopted on just reasonableness is a little bit too subjective and needs too much room for subjectivity in judges and also for defending individual decisions with errors in them. And I think all of that. Is the standard substantial justification or substantially justified? I'm sorry, I'm using those terms interchangeably. It's a way of talking. That's right. I was going to mention that District Court Judge Breyer's opinion on this denied each of these because the government's positions were substantially justified. At the very end of his decision, he said he felt that ignoring the jury physician's opinion here in question was harmless, but the circuit found it was not harmless. And he drew from that the idea that something in reasonable minds could differ. To me, that's pretty subjective. And also, I wanted to mention, and I worked at OGC many years ago, where Post-Equalism works, and in the process we're sort of randomly assigned cases to defend or make a decision on them to defend. And if you have just a decision of the individual lawyer, the default position is, of course, we'll defend. But in certain cases, if the individual lawyer thinks it may be indefensible, he makes a decision about that, and it's just to convince the jurors about not defending NNC for voluntary abuse. I think lawyers in the same position now could do better with a slightly more articulated rule. So I don't understand why you're arguing this way. It seems like you have Topler and Meyer and Gutierrez, all from our court, all saying that the government cannot defend a position that is unjustified, not substantially justified, even if there is a harmlessness factor. You can't justify something that went wrong below and then say it's harmless. You're not supposed to do that. Why are you just relying on the cases we already have? It sounds like you're asking us to do something new or depart from something, which is a much bigger request, and I don't understand what you're doing. I'm sorry. The only reason I'm pushing it this way is because I understand from the rule about bringing Eric into the court hearing today is that you've had the reason to understand the cases, and I'm not going to want to dwell on what I've already given. It's just providing perspective for this idea of approving the rules for a dispute resolution. So why don't you tell us what is the point in the litigation you think when the government was substantially justified? Why don't you focus on that? I realize there are several points, but what's your best argument? Well, the idea that it would be substantially justified to ignore a dispute resolution's opinion, I think, is the most substantial. Is the most substantial? No. No. I mean, it was argued. But just to be very clear, I found it otherwise. Well, the fact that they lost on a point, I mean, you couldn't be here if the government had lost. One, there must be cases where they argue something and lose, and there's still no fees because the position is substantially justified. To say, oh, just by and far, in other words, doesn't help you any, doesn't grant support at all, you have to persuade us that the position they took was not just wrong, but it's not without a reason, they were wrong. Well, there's another wrinkle to that as well. I'm sorry? There's another wrinkle to that issue as well. You're giving up on the first one? No, no, no. I'm just saying that that was not the position taken at the administrative level. They just didn't say anything about the treating doctors. And wouldn't they have to say something about how they were treating that opinion even if he wasn't a treating physician? I mean, they would have to address a treating physician. They would have to explain why they're not giving a controlling weight, if they're not. But any physician would have to say something about it, don't they? Well, I guess you would think so, but perhaps even if they didn't, it couldn't be the firmest, that's their main argument. So I will have to put forward the idea that since the treating physician's opinion can be given control in certain circumstances, it would also never be substantially justified just to ignore it. But the treating physician, this was not a treating physician. We don't think it was a treating physician. It's not clear-cut. The treating physician was not somebody who went to an on a long-term basis and had repeated visits and so on. Why was it not a dependable point? And you agree that if it's not a treating physician, the amount that they need to say, the LGA needs to say about it is much less if anything at all? Yes. So they say, well, look, LGA is necessarily going to say that we're defending it on the ground, but he's really not a treating physician. And frankly, what size and size is unreasonable? Well, I think it's his fault that supporters only observe him. So to say he's not a treating physician, he treated her over a period of years, both before and after the notes were offered. He obviously prescribes her various medications, gave her ideas about alternative treatments, considered her overall condition, gave opinions about her condition, and helped me look to her over a period of time. You're not agnostic. So how many visits were there? I'm not sure, but I think I would say over the period of five years, between 2001 and 2006, there may have been five visits, and there were some visits later as well. I thought there were like 13 visits in the three-year period. Is that not right? I guess I'm not sure. In any case, I can't see how anybody could even argue that he was not a treating physician. It just doesn't make any sense. And there's another reason. Physicians were not substantially justified. It seems very much a post-hoc justification for a mistake, but it doesn't make any sense. A post-hoc justification, ALJ said nothing. I don't see or recognize that she had any treating physician at home. She could have been in the house last year, I'm assuming. Yes, sir. Thank you. Okay, we're going to go. Good morning. My name is Eleanor Coder on behalf of the Acting Commissioner. I just want to address a couple points straight from counsel's opening arguments and the court's questions. With respect to the subsequent allowance in this case, I just do want to thank counsel for his professional courtesy in raising this issue to me yesterday. Under the Supreme Court's guidance in Shelley, Levy, Schaefer, and I have the same for that because it's not set in our briefs, the Supreme Court said that what happens on the marriage is not relevant to the question of substantial justification. That's also precisely the point in the 9th Circuit's decision in Flores, which we did cite in the note 5 of the court's brief. According to the issue, Judge Fidler asks, regarding Jodler-Meyer and Gutierrez, that this case is too concerning to the agency's obligation to have substantial justification both at the agency level. The counsel says substantial justification at the agency level for not saying anything about Dr. Bitton. Right. So the district court did not use its discretion in finding that there was substantial justification at the agency level. That's on pages 4 and 5 of the district court's order. Primarily, as found in reference to his brief on that, not everything our doctor says is a medical opinion. Whether this was a medical opinion is a dispositive issue. Whether this was a cheating physician is relevant. Whether there was an error at the agency level. But it also goes to other analysis. So, okay. Let's separate out the issues. So, first of all, I'm not sure that Judge Breyer really addressed whether the agency was substantially justified at the agency level. I understand him to be talking about the substantial justification in the appeal. I would disagree, Your Honor, on the bottom of the issue of the decision, which is also in page 3 of the excerpts in regard to hearing this agent appeal. The court says it's thinking about the two main phases of litigation. First, whether the ALJ erred in updating Dr. Bitton's note. And second, whether the omission was in harmless errors as the litigation position. The court then continues on line 3 first, all the way over to page 5 until we get to section 3. Right. First, the commissioner's defense of the ALJ's omission, blah, blah, blah, blah, blah. So, the defense of the ALJ's omission seems like the argument to the district court not whether the ALJ's omission was justified in the first place. I do appreciate your point, and we did evaluate this closely. Under the Supreme Court's guidance in Hensley, which is a reasonable list case that the district court cited on page 3, the appellate court has to have and just has to get the gist of what the district court is saying. So, I think that gist is here. The district court reiterates the agency's relevant issues to one of the agency hearings. That's the Howard, the Barnhart case. That's on line 13. We also have the, up on line 11, the ALJ did not accept the opinion of any physician. Those briefings were unanimously supported. Going up again to line 11. Okay, so let's say he is talking about that. So, okay, the ALJ doesn't need to accept the opinion of any physician, but doesn't the ALJ need to explain why it's not accepting the opinion? Say something about it. How can that not be our clear law? So, the regulations require, and also to answer an earlier question, the regulations do require that ALJ to articulate why it is rejecting or reward of the weight given to opinion evidence. However, an opinion of disability is carved out from the definition of a medical opinion. But wouldn't they actually have to say, I am disregarding this because I think it's the purpose of the commissioner or the referral of the commissioner and not this doctor, and this is how I interpret this. I think it's an ultimate conclusion. I mean, the ALJ said nothing about Dr. Mitlach or actually several other people who had examined this patient. So, I don't understand how that was a substantial justification at the agency level, which is a separate question from the appellate argument that might involve pharmacists. The regulations wouldn't require the ALJ to explain why it wasn't addressing certain evidence. And this is precisely the difficulty with the substantial justification inquiry. It's an objective standard. It doesn't require the court to have evidence that the ALJ was thinking about certain evidence and specifically disregarded. That would be a subjective inquiry as to this particular ALJ. Substantial justification asked whether an ALJ viewing the body of evidence in this willingness record would reasonably view this as evidence that didn't require commenting. And there's two main reasons here why, and that's because this was not a medical opinion, because it was a statement of disability. We know that from both the words on the page and that particularly question as well as the context in which it was offered. And the second reason is because it was, so to speak, not significant or probative. And that's not a harmless AR analysis. That's the knife-circuit case law in Howard v. Barnhart. But to be clear, so looking at the opinion itself of Big Tazo, I think AR 498 is the, maybe the best one. So, it says, the patient has chronic, recurrent persitis to the point that she's pretty much non-functional. She also finds herself not to be able to concentrate enough to do office work. And so then it goes on to say she appears to be disabled. But why are the first two sentences not an opinion that has to be taken into account? ALJ actually did find that her persistent persistence was a severe impairment. ALJ also limited, skipping to the second sentence, limited the clinic to some more repetitive tasks, the clinic to the hospital board, because of her subjective allegations of difficulty concentrating. But is it nothing about this idea that her treating doctor says that she's non-functional? Now, I know you think it's not a treating doctor, but even an examining doctor who says she's non-functional. Isn't that something that should be mentioned? No, because of an opinion, a statement, that a claimant is non-functional, it is reasonable to view that as a provoke to a statement that a claimant has no function, which is a statement that a claimant is disabled. A medical opinion is a judgment about the severity and functional effects of an impairment and their ability to work. To say that someone is non-functional is reasonably read as a statement of disability, which is reserved to the user. There's also a high degree of certainty and ambivalence in these notes from Dr. Bertot regarding whether her impairments were even legitimate, and he says that it's sometimes difficult to tell for sure. Seems to be disabled, or excuse me, appears to be disabled, pretty much non-functional. The commission has regulations defined a medical opinion as a judgment about a severity or an impairment, and we don't ask if it's reasonable to read these as that certain enough to be a judgment. So can we have any case that says that if you think that it's an ultimate judgment of disability, you can just not say anything rather than saying, I won't consider that because I think it's an ultimate judgment of disability? We don't have a substantial justification case saying that. What we do have is the various cases. Wait, wait, can you say the opposite? Do you have to say I'm disregarding it because it's an opposite conclusion? No, Your Honor. What we do have is the various cases of fixed-vehicular and how are people on our fixed-vehiculars pertain generally. Analogous to this case, we cited that on page 32 of our opening brief. That was a treating physician's opinion. The court found that it was the opposite. They were going to prove it to the judge that ALJ even had to address it. The same was true in the Kelly case, which we cited on page 33 of our briefs. I believe that was written. There were sort of notes. And in the user route, we have the lay case, spelled L-E, which we cited in our opening briefs as well. And this has to do with the definition of a treating physician. This is a fact-intensive inquiry as to whether a party is a treating physician. There were four or five visits in three years. Am I right? There were more than ten visits in three years. You are correct. There were 13 visits. This particular note in question was the subject of both plaintiff's allegation of error and the court's remand. In those 13 months, she had quit all of the prescribed treatment and preferred to treat herself from a natural approach. That's the top of her note. She could not return for nine months. She appeared that day solely for Dr. Montauk to certify her as disabled on a seeing form, and he did that for six months, requested that she return at the end of that six-month period, and she chose not to. So it is a fact-intensive inquiry as to whether he was a treating physician on this date. And that's quite similar, again, to the facts-intensive, where the treating physician there was offering an opinion as to the claimant's present functional abilities and yet hadn't seen the claimant for some time, and in that intervening time had not additional appearance of symptoms in that case. And then here there was a telegraphed fibromyalgia, which is also certificated to the record. So in this case, what we're looking at is whether or not counsel for Ms. Marsh is entitled to attorney's fees. And your argument, which is very cogent about substantial justification for all of this, is not addressing where there is a strong line for what's unusual, which I think is the term that some of the cases had used, and what is just the argument that was used below. So how is it that the court should be looking at what is substantial justification to deny fees under the statute? The court is examining whether it was reasonable for an ALJ to view this record and do not see this treatment note as triggering the regulatory obligation to discuss opinion evidence, whether that was a reasonable act. And we argue that it was not a medical opinion. It was a statement of disability. It was not significant or proven. It did not add to the record in this case. As I mentioned, the diagnosis was already accommodated by the ALJ. The ALJs are normally already accommodated. We've heard of the constitution difficulties. The only thing that was not accommodated was Dr. Rataj's certification of disability, and that's carved out from the opinion evidence in the original case. Thank you. I guess it's obvious for debate, and it's true there is no case to say that a treating physician's opinion must be addressed or even acknowledged, but there is a regulation that does actually require that. Is there any authority saying that if it's not a treating physician, it's just something expressing an opinion, that's an ultimate conclusion? The ALJ might say, I'm not considering it because it's an ultimate conclusion, so it's just a question. The craziness is that- I'm sure I don't have to take it on. Why is it that treating physicians are allowed to take a position if the ALJs take a position when I'm not required to address it? I see it. I think what kind of speaks to the question is the ultimate conclusion. He says she's disabled. Why is the ALJ justified in saying I've never seen anything about it? Because obviously this is something that goes to the ultimate conclusion. It's a proper submission of an expert. Yes, that's correct. It's not in his realm, and it's a lot more than that. It's just that she appears to be disabled, so there's a lot more to deal with than just that one statement, which is not in his realm. I would like to see just the court. In a judge's quote previously, he said, I'm unable, could not be sure, could not state that here it was harmless, that there was a kind of a limited quality to see the case back. I think in parallel to that here, the court could not find that the errors made were substantially unjustified or the lack of findings were substantially justified. I'm sorry, but you said earlier that there isn't a case that says that the ALJ must give reasons for not adhering to a treating physician. We said Batson, the Commissioner of Social Security, Molina. Don't we have lots of cases that say that? What are you talking about? Based on the regulation. But those cases actually, I mean, there are a lot of cases, and I don't think they are turning on the regulation specifically on that. Or whether they are or not, the regulation at the time said you had to do this. So I don't understand why you said there are no cases that say you have to discuss the treating physician's opinion. Because, you know, as an observant, it seems like if an opinion is out of the doctor's realm and completely worthless, then it would be substantially justified. But we're not talking about that situation here. Okay, thank you. Any further questions? All right, that's good.
judges: Kozinski, Friedland, Arterton